**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: | |
| **THE CRACKED EGG, LLC,** | Bankruptcy No. 20-22889-JAD |
| Debtor. | Chapter 11 |
| _____ | |
| **COUNTY OF ALLEGHENY**, a political subdivision of the Commonwealth of Pennsylvania, | Related to Document No. 62 |
| Movant, | |
| v. | |
| **THE CRACKED EGG, LLC,** | |
| Respondent. | |

## EXPEDITED MOTION FOR STAY PENDING APPEAL

And now, the Cracked Egg, LLC, the Debtor in the above case, by its attorneys, Robert O Lampl, James R. Cooney, Ryan J. Cooney, Sy O. Lampl and Alexander L. Holmquist, files the within Expedited Motion for Stay Pending Appeal:

**Background:**

1. The Cracked Egg, LLC (the Cracked Egg), owns and operates a family restaurant in Allegheny County.

2. On August 11, 2020, the Allegheny County Health Department (the ACHD) suspended the Cracked Egg's Health Permit and ordered the Cracked Egg to close. The suspension was based upon the Cracked Egg's failure to

1

comply with Covid-19 mitigation measures "declared" by Governor Wolf and the Secretary of Health.

3.   On September 16, 2020, the ACHD filed a Complaint in Equity against the Cracked Egg in the Court of Common Pleas of Allegheny County at GD-20-009809. In its Complaint, the ACHD sought an injunction forcing the Cracked Egg to close unless and until it complies with the Covid-19 mitigation measures.

4.   On September 23, 2020, the Cracked Egg filed a Complaint against the ACHD in the United States District Court for the Western District of Pennsylvania at No. 2:20-cv-01434-RJC. The Cracked Egg asserted that the ACHD's actions resulted in a violation of the Cracked Egg's civil rights and sought relief pursuant to *42 U.S.C. 1983.* The case remains pending before the Honorable Robert J. Colville.

5.   On October 9, 2020, the Cracked Egg filed a Petition for Relief under Chapter 11 of the Bankruptcy Code.

6.   On December 10, 2020, the ACHD filed a Motion for Relief from the Automatic Stay. In its Motion, the ACHD sought relief from the stay to pursue its injunction action in the case at GD-20-009809.

7.   On January 7, 2021, the Honorable Jeffery A. Deller granted the Motion for Relief from Stay. A true and correct copy of the Order is attached hereto as Exhibit "A."

8.   On January 14, 2021, the Cracked Egg filed a Revised Notice of Appeal to the District Court pursuant to *Bankruptcy Rule 8003.*

9. The Cracked Egg now seeks the entry of a stay pending appeal pursuant to *Bankruptcy Rule 8007.*

**The within Motion:**

10. *Bankruptcy Rule 8007* authorizes this Honorable Court to grant a stay pending appeal. In *Revel AC, Inc. v. IDEA Boardwalk, LLC,* 802 F.3d 558 (3d Cir. 2015), the Third Circuit held that the Court must consider four factors when deciding a motion under Rule 8007:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

The Court went on to hold the moving party need not establish that his probability of success is more likely than not. Rather:

> ... all four stay factors are interconnected, and thus the analysis should proceed as follows. Did the applicant make a sufficient showing that (a) it can win on the merits (significantly better than negligible but not greater than 50%) *and* (b) will suffer irreparable harm absent a stay? If it has, we "balance the relative harms considering all four factors using a 'sliding scale' approach.

See also, *10 Collier on Bankruptcy, P. 8007.7* (2020).

11. The Cracked Egg believes that the balancing of the factors supports the issuance of a stay in the present case.

12. The Cracked Egg has raised meritorious issues. Judge Deller relied upon the case of *Board of Governors of Fed. Reserve System v. MCorp Financial, Inc.,* 502 U.S. 32, 112 S.Ct. 459, 116 L.Ed. 2d 358 (1991), to hold that the bankruptcy court was not authorized to decide whether the exercise of the

3

police power was legitimate. However, the Cracked Egg believes that *MCorp.* was overruled by the decision in *Celotex Corp. v. Edwards,* 514 U.S. 300, 115 S.Ct. 1493, 131 L.Ed. 2d 403 (1995). In *Celotex,* the Supreme Court held that:

> … the **police power is not absolute**. The Jacobson court recognized that "the **police power of a state** . . . may be exerted in such circumstances, or by regulations so arbitrary and oppressive in particular cases, as to justify the interference of the courts to prevent wrong and oppression." Jacobson, 197 U.S. at 38. Circumscribed judicial review is therefore employed to ensure that actions taken under the guise of the **police** power do not invade federal authority or violate rights secured by the Constitution. See id. at 28.

(emphasis added).

In addition, Judge Deller held that the Cracked Egg had raised colorable claims, but that such claims should be decided by the state courts. Finally, the Cracked Egg believes that its constitutional claims are supported by the decision of the Honorable William S. Stickman, IV, in the case of *County of Butler v. Wolf,* 2020 U.S. Dist. LEXIS 167544 (W.D. Pa. 2020).

13. The Cracked Egg will be irreparably harmed if the case is not stayed pending appeal. The ACHD has indicated that it intends to shut the Cracked Egg down. This would clearly impact the Cracked Egg's ability to reorganize under Chapter 11.

14. There will be no "substantial injury" to the ACHD. In fact, the ACHD waited for more than 2 months to file its Motion for Relief from Stay.

15. The issuance of a stay will promote the public interest. See, *County of Butler v. Wolf,* 2020 U.S. Dist. LEXIS 167544 (W.D. Pa. 2020):

> The public has an interest in constitutional governance and, more specifically, not being subject to unconstitutional govern-

4

mental action. *See Dodds v. United States Dep't of Educ.*, 845 F.3d 217, 222 (6th Cir. 2016) ("[P]ublic interest weighs strongly against a stay of the injunction. The district court issued the injunction to protect Doe's constitutional and civil rights, a purpose that is always in the public interest."); *Victory v. Berks Cty*, 2019 WL 2368579, at *7 (E.D. Pa. Jun. 3, 2019) (denying stay where district court found facts and circumstances favored petitioner's "constitutional right to be free from gender discrimination"); *Halderman v. Pennhurst State Sch. and Hospital*, 451 F. Supp. 233, 237 (E.D. Pa. 1978) ("The public interest will never benefit from a failure to provide minimally adequate habilitation to its [intellectually disabled] citizens.")

**Request for expedited consideration:**

16.   The Cracked Egg believes that there is just cause for consideration of this matter on an expedited basis. The State Court injunction case has been assigned to the Honorable John T. McVay, Jr. In addition, Judge McVay has scheduled a hearing on the Motion for Preliminary Injunction for January 22, 2021.

17.   The County's requested relief in the state court case is to close down the Cracked Egg's restaurant. Unless this matter is heard on an expedited basis, the injunction will put the Cracked Egg out of business.

18.   The need for expedited relief has not been caused by the Cracked Egg or its counsel, but rather by factors beyond their control.

19.   The Cracked Egg respectfully requests that the relief from stay be stayed pending either the within appeal or the resolution of the civil rights action which is pending before Judge Colville.

Respectfully submitted,

Date: January 14, 2021

/s/ Robert O Lampl
ROBERT O LAMPL
PA I.D. #19809
JAMES R. COONEY
PA I.D. #32706
RYAN J. COONEY
PA I.D. #319213
SY O. LAMPL
PA I.D. #324741
ALEXANDER L. HOLMQUIST
PA I.D. #314159
223 Fourth Avenue, 4th Fl.
Pittsburgh, PA  15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email: rlampl@lampllaw.com

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

**In Re:**

| | |
|---|---|
| **THE CRACKED EGG, LLC,** | Bankruptcy No. 20-22889-JAD |
| Debtor. | Chapter 11 |
| _____ | |
| **COUNTY OF ALLEGHENY, a political subdivision of the Commonwealth of Pennsylvania,** | Related to Document No. 62 |
| Movant, | |
| v. | |
| **THE CRACKED EGG, LLC,** | |
| Respondent. | |

## **CERTIFICATE OF SERVICE**

I, Robert O Lampl, hereby certify that on the 14th day of January, 2021, a true and correct copy of the **Expedited Motion for Stay Pending Appeal** was served upon the following (*via email*):

Vijya Patel, Asst. Solicitor
Michael Parker
Allegheny County Health Department
301 39th Street, Bldg. #7
Pittsburgh, PA  15201
Vijya.patel@alleghenycounty.us
Michael.parker@alleghenycounty.us

Date: January 14, 2021        _/s/ Robert O Lampl_____
                                                            Robert O Lampl

7